IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN RAY CHEEK, #42969-177,     Petitioner, | § § § | |
| v. | § § | 3:16-CV-0057-D-BK (3:11-CR-0157-D(01)) |
| UNITED STATES OF AMERICA,     Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this action was automatically referred to the United States Magistrate Judge. Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that this successive section 2255 motion be dismissed.

**I.  BACKGROUND**

Petitioner pled guilty to bank robbery and using, carrying, and brandishing a firearm during or in relation to a crime of violence (Counts 2 and 3), and was sentenced to consecutive 57- and 84-month terms of imprisonment and a 3-year term of supervised release. *United States v. Cheek*, 3:11-CR-0157-D-1 (N.D. Tex. 2012), *appeal dismissed*, 508 Fed.Appx. 346 (5th Cir. 2013). Petitioner unsuccessfully sought relief under 28 U.S.C. § 2255 and 28 U.S.C. § 2241 from the Court's judgment that his sentence for the firearm offense be served consecutively to his other imprisonment term. *Cheek v. United States,* No. 3:13-CV-2550-D-BK, 2013 WL 4561242 (N.D. Tex. 2013); *Cheek v. Chandler*, No. 3:13-CV-2901-D-BK, 2013 WL 4561377 (N.D. Tex. 2013). His successive section 2255 motion alleging actual innocence and citing *McQuiggin v. Perkins*, --- U.S. ---, 133 S.Ct. 1924, 1931 (2013), and *Alleyne v. United States*, ___ U.S. ___, 133 S. Ct. 2151 (2013), was transferred to the United States Court of Appeals for

the Fifth Circuit, where authorization for successive filing was denied. *Cheek v. United States*, No. 3:14-CV-1308-D-BK, 2014 WL 2938091 (N.D. Tex. 2014); *Cheek v. United States*, 622 F.App'x 449 (5th Cir. 2015). Undeterred, Petitioner has once again submitted a successive section 2255 motion, which is identical to the one he previously filed in No. 3:14-CV-1308-D-BK. Doc. 2.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a petitioner may file a second or successive application for federal habeas relief. *See* 28 U.S.C. § 2255(h); 28 U.S.C. § 2244(b). In general, to raise a new claim, the petitioner must show that the successive motion is based on: "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h); *see In re Elwood*, 408 F.3d 211, 212 (5th Cir. 2005) (*per curiam*). Before a petitioner may file a successive application in the district court, however, a three-judge panel of the United States Court of Appeals for the Fifth Circuit must determine whether the applicant makes the requisite prima facie showing. *See* 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A)-(B). Section 2244(b)(3)(A) constitutes a bar to the district court's jurisdiction to consider a successive habeas application unless the United States Court of Appeals has first granted the petitioner permission to file such an application. *United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000).

Here, the Court of Appeals has not issued an order authorizing the Court to consider the

successive section 2255 motion.  Because Petitioner must obtain such an order before he can file a successive application challenging his conviction, this section 2255 motion should be dismissed without prejudice for want of jurisdiction.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the successive section 2255 motion be **DISMISSED WITHOUT PREJUDICE** for want of jurisdiction and for failure to obtain prior authorization from the United States Court of Appeals for the Fifth Circuit to file a successive section 2255 motion.  See 28 U.S.C. §§ 2255(h), 2244(b)(3).

SIGNED January 19, 2016.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE